George Tilzer, J.
All the defendants save the defendant Bubenfeld move for dismissal of the complaint pursuant to rule 106 and rule 107 of the Buies of Civil Practice for defects appearing upon the face thereof. The first cause is asserted against the defendant Perlow. It is alleged therein that plaintiff delivered a check to the order of Perlow, to be used for the specific purpose of trying to get a loan for the plaintiff, and failed to return the check upon demand. There is no allegation of the terms and conditions of the undertaking to procure a loan or of any obligation to return the check upon the basis of which a claim of breach may be asserted. The first cause is insufficient.
In the second cause of action, it is alleged that the defendants breached an agreement of sale and lease-back. The second cause of action is rested upon a writing of February 2, 1962 and the check, subject of the first cause of action, and it is the contention of the plaintiff that these writings taken together constitute a binding agreement in compliance with the provisions *117 of section 259 of the Eeal Property Law. It clearly appears from the writing that it puts forward a proposal only in relation to the then pending negotiations between the plaintiff and the defendant First New York Capital Fund, Inc. It further provides that the proposal would be presented for approval to that defendant upon receipt of “ a letter from you [plaintiff] stating that you will submit this proposal for consideration to the stockholders of” plaintiff’s predecessor “ and if this proposal is rejected in favor of a better one,” plaintiff’s predecessor “will forfeit the sum of $1,000. deposit money which he has requested accompany your letter to him.” Consequently, any agreement on which plaintiff may rely is one made alone with the defendant First New York Capital Fund, Inc., and further, from all that appears in the complaint, the check on which plaintiff relies and which was accepted by the payee thereof, was submitted only in connection with a proposal. Finally, the allegation in the second cause of action that plaintiff advised the defendants of its acceptance of the agreement is not sufficient to create a binding and enforcible agreement. The motion is granted with leave to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.